ment of the Pennsylvania was thereby affected. If there is just reason, upon the proofs herein, to conclude, that, had the fog horn been used, the Pennsylvania would have had such earlier notice, that, under the speed at which she was moving, her efforts to avoid the collision would have been more effectual, or, if her officers were in fact deceived, and thereby led to do what otherwise they would not have done, or were led to omit to do anything which otherwise they would have done, then the fault of the barque contributed to the collision, and her owners should share in the resulting loss.

## Case No. 10,951.
### The PENNSYLVANIA.
[12 Blatchf. 67.] [1]

Circuit Court, E. D. New York. May 16, 1874.

COLLISION—PLEADING IN ADMIRALTY—MOTION TO AMEND ANSWER.

In a case of collision, this court decreed for the libellant. The supreme court, on appeal, held that both vessels were guilty of fault which contributed to the collision. The claimant, not having alleged, in his answer, that he had sustained any damages by the collision, moved, on the presentation of the mandate from the supreme court, that he be allowed to amend his answer in that respect: Held, that the motion ought to be granted, and such damages ascertained by a reference. and then brought into an apportionment with the amount of damages al-

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

ready found to have been sustained by the libellant.

[Cited in Ebert v. The Reuben Doud, 3 Fed. 528.]

In this case, this court, affirming the decision of the district court [Case No. 10,947], decreed in favor of the libellants [Id. 10,950]. The supreme court, on appeal (19 Wall. [86 U. S.] 125), held that both vessels were guilty of fault which contributed to the collision in question. The claimants, not having alleged, in their answer, that they had sustained any damages by reason of the collision, now, on the presentation of the mandate of the supreme court, moved for leave to amend their answer in that particular.

Charles Donohue and John Chetwood, for the motion.

Robert D. Benedict, opposed.

WOODRUFF, Circuit Judge. Upon the decision made in this cause, by the supreme court, it is altogether just that the damages sustained by the Pennsylvania should be brought into the apportionment which, by the rules of admiralty, follows when both vessels are guilty of fault which contributes to the disaster. I regard the opinion of the supreme court in the case of The Sapphire, 18 Wall. [85 U. S.] 51, as a plain recognition of the competency of this court to allow the owners of the Pennsylvania to bring their damages to the attention of the court, in this stage of the proceedings, with a view to including them in such apportionment. It is just that it should be so. The mandate directs proceedings here in conformity to the opinion. The opinion finds facts upon which the damages should be divided. But, the privilege now given should not disturb the proceedings in any other respect, nor work any disadvantage to the libellants beyond the ascertainment and allowance of those damages in the apportionment. On those terms and conditions, let the answer be amended, by an averment that the Pennsylvania was injured by the collision mentioned in the libel, and let an order of reference be entered to ascertain the amount of such damages. On the coming in and confirmation of the report, such damages will be brought into the apportionment, with the damages already found to have been sustained by the libellants.